## RICHARD ROBINSON *vs.* EDWARD S. FOLGER.

In an action to recover a fine under the militia act of 1834, *c.* 121, the clerk of a company has power to amend his process, both as to matters of form and substance, at any time before the rendition of judgment.

If the captain of a company be commissioned as major, although not qualified, the lieutenant, or next officer in rank, is commander of the company until there shall be a captain.

It is the duty of the clerk of a company, without orders from the commanding officer, to enrol the non-commissioned officers and privates within the limits thereof.

When it does not appear that the private, in a suit against him for neglect to appear at a company training, was a minor, or that he was then enrolled for the first time, it cannot be assumed that he was entitled to six months, within which to procure equipments.

If an order to a private to warn all the non-commissioned officers and soldiers within certain limits, within the bounds of the company, be signed by the commanding officer, and delivered to the private, it gives him sufficient authority to warn those within his limits, although their names be not inserted in the order.

If an order to warn the company be made out by the commanding officer, and signed by him, omitting the name of the person directed to give the warning, and the name be afterwards inserted by the clerk, under the direction of the commanding officer, it is sufficient.

The company roll, although not recorded on the company orderly book, is competent and sufficient evidence of the facts therein stated, to prove that the company had mustered, and that a soldier was absent on a given day.

Where the records of the company have a list of the names of the members thereof, and opposite thereto have distinct and separate columns ruled off, headed respectively " present," and " absent," and against each name in one of the columns is found a mark, thus —, and against the name of the private alleged to have been absent, there is found *the mark* in the column headed *absent;* this appears to be sufficient proof of the absence ; but if explanation be necessary to show the meaning of the marks in the records, the clerk is a competent witness to give it.

ERROR, to reverse a judgment of a justice of the peace rendered against *Robinson,* the plaintiff in error, for the penalty for absence from a company training on *Sept.* 23, 1837. *Folger* brought the suit as clerk of the company commanded by *Marlborough P. Faught.* No writ of error, or assignment of errors, is found in the case, but merely the exceptions before the justice. From these it appears that the declaration originally did not set forth the day on

which the alleged neglect took place, nor did it aver that the defendant unnecessarily neglected to appear. The plaintiff under leave of the justice amended his writ in these respects, which was objected to by the defendant. To prove the organization of the company, several commissions to officers were produced, and among the rest one to *Faught*, as lieutenant. This was objected to as insufficient, but the objection was overruled. To show that *Faught* was commanding officer, it was shown that he was commissioned as lieutenant, *Sept.* 22, 1836, and qualified *Sept.* 9, 1837, having previously been ensign ; and that *Bartlett*, the last captain, had been commissioned as major, *August* 22, 1837, and was qualified as such, *October* 4, 1837. To prove the enrolment of *Robinson* in the company, the plaintiff produced a roll in the form provided by the Adjutant General, with a printed caption, thus : " Roll of the first company of infantry in the 2d Regiment, 1st Brigade, 2d Division, under the command of *Marlborough P. Faught,* as corrected on the first *Tuesday* of *May,* 1837." The roll was attested, " A true roll of the company. Attest, *Ed. S. Folger,* Clerk — *M. P. Faught,* Lieutenant." On this were the names of *Faught* as lieutenant, and of a large number of persons as privates, and among them of *Richard Robinson, Jr.* Against the names of all the privates in the column of " additional enrolments since *May,*" the date *August* 19, was carried out. A company book of records was produced, but this roll was not recorded thereon, nor was any other book of enrolment produced. *Folger,* the clerk, testified, objection being made by the defendant, that this roll was made out by lieutenant *Faught* and himself on the 19th of *August,* according to the date. There was no evidence of the age of *Robinson,* nor was any evidence introduced to show that he was under the age of eighteen years, nor was it proved that he had ever before been enrolled in the militia. The counsel for *Robinson* contended, that there was no sufficient evidence of an enrolment, there being no such company as described in the caption ; and that *Faught* was not commanding officer either in *May* or *August ;* and that the defendant was not liable to do duty until the expiration of six months from the time of notice to the defendant of his enrolment. The exceptions state, " no notice was proved except verbal warning to the company training, for not attending which, this suit was

brought." To prove that the plaintiff was clerk, he produced a warrant, dated *Sept.* 3, 1836, appointing *Edward Folger* as sergeant, signed by *Daniel Paine*, as major and commanding officer, and a certificate from the Adjutant General, that *Paine* was at the time commanding officer of the regiment ; and on the back of the warrant was a certificate, dated also *Sept.* 3, 1836, signed by *Bartlett*, as captain, that he appointed *Edward Folger*, clerk, and that he took the oath on the 19th of the same *September.* It was objected by the counsel for the defendant, that this was not a valid appointment of the plaintiff, *Edward S. Folger*, and that he could maintain no action. The plaintiff then amended his writ, by leave, which was objected to, by inserting after the plaintiff's name, " otherwise called *Edward Folger.*" The plaintiff testified, that he was commonly called " *Ned Folger.*" The justice ruled, that the action could be maintained by the plaintiff. The exceptions also state, that a verbal warning to attend a company training on *Sept.* 23, was proved to have been given by one *Nash*, who had received a warrant signed by *Faught*, as commanding officer, to notify all the non-commissioned officers and privates, living within certain limits, and that it was proved that *Robinson* resided within those limits, and that they were within the limits of the company, but no names were in the warrant, or appended to it, or delivered to *Nash*. The warrant to *Nash* was signed by *Faught* before it was filled up, or any name inserted, but the name was put in by the clerk, in the presence of *Faught*, being agreed upon by them. The counsel for the defendant contended, that this was not a sufficient warning of the defendant, *Nash* having no authority to warn him by name, and not being rightfully appointed to give the warnings. The justice ruled otherwise. To prove the alleged absence, the book of records was produced. A list of names was inserted on page 11, with parallel columns which were filled up with marks under the captions of the columns severally. In the margin was a certificate as follows. " Names of the privates that appeared armed and equipped, at the company training on *Saturday, Sept.* 23, 1837. A true copy, attest, *Marlborough P. Faught*, Lieutenant ;" and also, " Roll of the first Company of Infantry, 2 Reg. 1 Brig. 2 Division." And at the bottom of the page was written, " carried over to the 17th page." The intervening pages were

filled up with records of company orders. The 17th page contained a list of names, with columns ruled off parallel, with a caption to each, " present," " absent," &c. There was no certificate, nor caption, nor explanation on this page, showing what it was the record of, but was certified at the bottom, " A true roll of the company as inspected, Attest, *Edward S. Folger,* Clerk." And against the name of *Robinson,* in the column headed "absent," was a mark thus ——. The clerk testified that the names and marks on those two pages were placed there by *Faught* and himself, but that subsequently he compared the same with a roll hereafter described, and found the same correctly copied. The roll from which the copy was made was then produced by the clerk, and was entitled " Roll of the first company of infantry, in the 2d Regiment, 1st Brigade, 2 division under the command of *Marlboro' P. Faught,* as corrected on the first *Tuesday* of *May,* 1837." There was no other date to it, and no other description of what it was intended to be, nor any signature or certificate. The clerk testified, being objected to, that this was a roll of the company on the 23d of *September;* that he kept it in pencil on that day, and afterwards filled it up with ink, and that it was subsequently given to *Faught,* by whom it was carried on to the company records, as above described. The defendant's counsel contended, that there was no sufficient evidence that the defendant was absent on the day of training, but the justice ruled otherwise, and ruled that on the proof introduced, the action was maintainable, and that the defendant was liable to pay the penalty demanded. To which several rulings and decisions the defendant excepted.

*Evans* argued in support of the objections made at the trial before the justice, and cited *Commonwealth* v. *Perkins,* 1 *Pick.* 388; *Commonwealth* v. *Hall,* 3 *Pick.* 262; *Heald* v. *Weston,* 2 *Greenl.* 348; *Avery* v. *Butters,* 2 *Fairf.* 404; *Gould* v. *Hutchins,* 1 *Fairf.* 145; *Whitmore* v. *Sanborn,* 8 *Greenl.* 310; *Haynes* v. *Jenks,* 2 *Pick.* 172; *Sawtel* v. *Davis,* 5 *Greenl.* 438; *Commonwealth* v. *Annis,* 9 *Mass. R.* 31.

*Vose* argued for the defendant in error. The militia act of 1834, § 45, expressly authorizes the clerk to amend his process in any stage of the proceedings before the rendition of judgment.

This provision applies to matters of substance as well as of form. The limits of the company were proved by the record, and the exceptions extend only to the organization of the company, and that was proved in the mode provided by the statute, the production of the commission. *Robinson* was enrolled on the nineteenth of *August*, when the lieutenant commanded the company. But if the enrolment is to be considered as made on the first *Tuesday* of *May*, before the captain was promoted, the name of the commander of the company may be rejected as mere surplusage, the company having been before sufficiently described. The name of *Robinson* was on the roll, which was attested and recorded, and all done by the right person. The burthen of proof was on *Robinson* and not on the clerk, to show his age, or that he had not been previously enrolled. The justice might presume it from his age and appearance. *Nash* had proper authority to warn the defendant. He was resident within the limits prescribed in the order, and that is sufficient without naming him. By our statute the clerk is competent to testify to the absence of a private, and to any other facts, and the case cited from *Massachusetts* does not apply. The marks however were sufficiently understood without any other explanation than what was found upon the roll. He cited *Green* v. *Lowell*, 3 *Greenl*. 373 ; *Sherman* v. *Prop. Conn. R. Bridge*, 11 *Mass. R.* 338 ; *Tripp* v. *Garey*, 7 *Greenl*. 266.

The opinion of the Court was by

WESTON C. J. — The amendments objected to, we think the justice had authority to allow. It does not appear from the exceptions, that parol proof was received of the limits of the company. At the time of the enrolment of the plaintiff in error, *Marlborough P. Faught* was in fact the commander of the company, the captain having been promoted. And the clerk was authorized, and it was his duty, to enrol the plaintiff in error ; and it appears to have been regularly done and attested by him. *Stat. of* 1834, § 12.

As it does not appear, that the plaintiff in error was a minor, or that he was then enrolled for the first time, it cannot be assumed, that he was entitled to six months, within which to procure equipments. We think the warrant to *Nash* was properly filled up, under the direction of the commanding officer of the company ; and

that it was sufficient to authorize him to warn the plaintiff in error, he being a member of the company, within the limits described. And we are of opinion, that his absence on the day, on which he is charged with being delinquent, is sufficiently proved by the company records; but that if any explanation was necessary, as to the meaning of the marks in the record, under the proper column, the clerk was a competent witness to give it. *Emery* v. *Goodwin, ante p.* 76.

*Judgment affirmed.*